■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MACHADO, Appellant. [662 NYS2d 828] —Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Starkey, J.), dated September 28, 1993, which, after a hearing, denied his motion pursuant to CPL 440.10 to vacate a judgment of the same court, rendered January 4, 1990, convicting him of kidnapping in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence. By decision and order dated June 24, 1996, this Court reversed the order dated September 28, 1993, on the law, granted the defendant's motion to vacate his judgment of conviction, and directed a new trial (*People v Machado*, 228 AD2d 700). On June 10, 1997, the Court of Appeals reversed the order of this Court, held that *Rosario* violations raised in CPL 440.10 motions which are commenced before the exhaustion of direct appeal "should be rejected unless the violation prejudiced defendant", and remitted the matter to this Court for further proceedings in accordance with its opinion (*People v Machado*, 90 NY2d 187, 192).

Ordered that the order dated September 28, 1993, is affirmed.

The only portion of the report in question which constitutes *Rosario* material is the last line, which states that the victim "sustained minor injuries and refused medical aid". The defen-

dant contends that this statement demonstrates that the victim exaggerated the extent of her injuries, and therefore lessens her credibility. Thus, he argues, the jury might have rejected the victim's testimony about the circumstances of the assault and kidnapping, and acquitted the defendant. We disagree.

The jurors saw photographs of the victim's injuries, taken on the day of the incident, and were able to make their own evaluation of the extent of those injuries. Additionally, the victim's testimony was largely corroborated by other eyewitness testimony. Thus, there is no reasonable possibility that the failure to disclose this *Rosario* material contributed to the verdict, and, as a result, the defendant has failed to demonstrate the necessary prejudice to warrant the vacating of his conviction (*see, People v Jackson*, 78 NY2d 638, 649). Bracken, J. P., O'Brien, Goldstein and Florio, JJ., concur.